# EXHIBIT A

# SUMMONS - CIVIL
JD-CV-1 Rev. 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

See other side for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 95 Washington Street, Hartford, CT 06106 | (860) 548-2700 | SEPTEMBER 3, 2019 |

☒ Judicial District   ☐ Housing Session   ☐ G.A. Number:
At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349): **Hartford**
Case type code (See list on page 2): Major: **M**   Minor: **90**

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114 | 419987 |

Telephone number (with area code): (860) 296-3457
Signature of Plaintiff (If self-represented):

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☒ Yes   ☐ No

Email address for delivery of papers under Section 10-13 (if agreed to):
mparadisi@cicchielloesq.com;
bantuna@cicchielloesq.com

Number of Plaintiffs: 1   Number of Defendants: 1   ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: BENITEZ, CHRISTINA<br>Address: 85 SANTA MONICA'S AVENUE, HARTFORD, CT 06120 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: MAGGIE'S GLASTONBURY, INC. - 574 HERITAGE ROAD, SUITE 202, SOUTHBURY, CT 06488<br>Address: AGENT: RAYMOND G. HARPER, 56 SILVER BROOK LANE, WOODBURY, CT 06798 | D-01 |
| Additional Defendant | Name:<br>Address: | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left: **Matthew D. Paradisi** | Date signed: **08/02/2019** |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

| | |
|---|---|
| RETURN DATE: SEPTEMBER 3, 2019 : | SUPERIOR COURT |
| CHRISTINA BENITEZ : | J.D. OF HARTFORD |
| V. : | AT HARTFORD |
| MAGGIE'S GLASTONBURY, INC. : | AUGUST 2, 2019 |

## COMPLAINT

1.　The Plaintiff in this matter, CHRISTINA BENITEZ ("Plaintiff"), was at all times relevant to this Complaint a resident of the City of Hartford, State of Connecticut.

2.　The Defendant in this matter is MAGGIE'S GLASTONBURY, INC., a domestic corporation with a business address of 574 Heritage Road, Suite 202, Southbury, CT 06488.

3.　Defendant operates a Restaurant at 40 Glastonbury Boulevard in Glastonbury, Connecticut, which does business as "Maggie McFly's" at the aforesaid address.

4.　Upon information and belief, Defendant is owned and operated by Raymond G. Harper, who, through himself or through his related corporate entities, owns and operates a number of restaurants under the trade name "Maggie McFly's" throughout Connecticut, New York, and Virgina.

5.　The Plaintiff commenced employment with the Defendant on or about October 23, 2018 as a server in its Glastonbury, Connecticut location.

6.　At all times set forth herein, Plaintiff and Defendant agreed that Plaintiff's hourly rate of pay would be $6.38 for all hours worked as a server, plus any tips Plaintiff received.

7. Plaintiff worked for Defendant as a server in its Glastonbury, Connecticut location through early March, 2019. Between her initial hire date and early March of 2019, Plaintiff was an exemplary employee, as evidenced by a complete lack of discipline, and as evidenced by Defendant's Executive General Manager, Samantha Nogiec, requesting that Plaintiff assist Defendant's ownership in establishing a new Maggie McFly's restaurant in Springfield, Virginia, commencing on March 12, 2019.

8. On or about March 12, 2019, Defendant ownership arranged for Plaintiff's travel to and lodging in Springfield, Virginia, where it was in the process of opening and establishing a new restaurant located at 6797 Springfield Mall, Springfield, Virginia. Defendant had instructed Plaintiff that she would be temporarily performing an assignment consisting of server work and training work, assisting new service staff members at the location in becoming acclimated to Defendant's routines, policies and practices as they existed in Defendant's Glastonbury, Connecticut location.

9. At all times relevant, Plaintiff was employed by and worked for Defendant and no other entity.

10. Throughout her working time on the aforesaid assignment in Virginia, Plaintiff was routinely and consistently required to perform work typically associated with that of a "non-service employee" as defined by the Regulations of Connecticut State Agencies § 31-62-E2(d), and Plaintiff received no tips or gratuities during any and all time spent performing such work.

11. Despite Plaintiff being required to perform significant amounts of "non-service" work duties for which she received no tips or gratuities, Defendant consistently and uniformly paid Plaintiff the minimum wage rate applicable to employees "who

customarily and regularly receive gratuities," which was less than the allowable minimum wage for such work, failed to procure a weekly statement signed by Plaintiff attesting that she had received in gratuities the amount it claimed as credit toward her minimum fair wage, and failed to segregate and record Plaintiff's working time associated with "non-service" work in violation of Regulations of Connecticut State Agencies § 31-62-E3(c) and 31-62-E4.

12. Throughout her working time on the aforesaid assignment in Virginia, Plaintiff consistently worked approximately 80 hours per work week. Despite this, Defendant routinely and consistently failed to accurately record Plaintiff's hours worked, and deliberately failed to pay her for all hours worked, going so far as to both edit Plaintiff's payroll records to reflect fewer hours worked than she actually had, and instructing her to perform work while off the clock after she had punched out.

13. On or about March 31, 2019, Plaintiff requested copies of her paystubs for her two preceding pay periods from Maria Calabrese, a manager at Defendant's Springfield, Virginia Location. Calabrese conveyed to Plaintiff in response that she would need to contact corporate in order to procure the paystubs for Plaintiff.

14. Thereafter, Plaintiff gained access to her paystubs through Paylocity, a third party payroll application to which Defendant grants its employees access in order to view their payroll information. Upon reviewing her pay stubs associated with her work weeks in Virginia, Plaintiff noticed that Defendant had shorted Plaintiff's pay significantly, paying her approximately $80.00 for her first work week, despite the fact that Plaintiff had worked approximately 80 hours, and paying her similarly inaccurate amounts for subsequent work weeks.

3

15. Plaintiff, upon reviewing the inaccurate payment amounts in her pay stubs, immediately reported her concern to Calabrese. On account of Calabrese dismissing her complaint, Plaintiff then attempted to complain about the issue to Don Cordeiro, Defendant's Regional Manager overseeing the Virginia location. Upon witnessing Plaintiff complaining to Cordeiro concerning Defendant's failure to pay her properly, Calabrese conveyed to Plaintiff, in words or substance, "You don't complain to him."

16. Despite having lodged her complaint with Defendant concerning its improper wage practices, and despite Defendant having failed to address Plaintiff's complaint, Plaintiff attempted to return to her work and complete the remainder of her shift.

17. However, immediately in response to Plaintiff's complaint about Defendant's unlawful wage practices, including Defendant paying Plaintiff, in practical effect, $1.00 per hour, Calabrese began retaliating against Plaintiff.

18. Later in the course of her shift, for example, Plaintiff requested that Calabrese assist her in correcting an issue with a customer's card having been swiped on an incorrect check. This was a minor issue which happens on occasion, and is easily remedied within minutes. However, in response to Plaintiff's request for assistance, Calabrese conveyed to Plaintiff, in words or substance, "You shouldn't be fucking up—you're supposed to be training these people." Again, Plaintiff complained to Calabrese concerning Defendant's unlawful wage practices, and conveyed to her, in words or substance, that Defendant was "messing with her money," that management staff was forcing her to work off the clock and perform non-service work for which she would receive no tips, and that Calabrese was now attempting to lie about Plaintiff's

performance in retaliation for her complaints concerning Defendant's unlawful wage and hour practices.

19. Following the foregoing exchange, Calabrese stated to Plaintiff, in words or substance, "You're fired down here, and we're going to make sure you're fired up in Connecticut too."

20. In response, Plaintiff requested the contact information for Jenette Candee, Defendant's Regional Director, in order to discuss what had transpired earlier in her shift, and to address Plaintiff's complaints concerning her wages. In response, Calabrese refused to give Plaintiff Ms. Candee's contact information, and instructed Plaintiff to leave the premises.

21. Following Plaintiff's termination, and following Defendant having been placed on notice that Plaintiff had retained counsel in connection with the termination of her employment and that Plaintiff's was requesting copies of her personnel file on or about April 11, 2019, Defendant commenced assembling after-the-fact "Legal Statements" from its Springfield, Virginia managerial staff to be placed in Plaintiff's personnel file which purport to explain Defendant's reasons for terminating Plaintiff's employment, all in violation of the Connecticut Personnel Files Act, C.G.S. §§ 31-128b(b)-(c), and failed to provide Plaintiff with the opportunity to "submit a written statement explaining [her] position" with respect to Defendant's termination of her employment in violation of C.G.S. § 21-128e(b).

22. By way of example, approximately three weeks after Defendant had received notice that Plaintiff was represented by counsel in connection with the termination of her employment and had requested a copy of her personnel file,

Defendant added to Plaintiff's personnel file a statement of Casey Harrigan, Defendant's Administrative Assistant, dated May 6, 2019, concerning an interaction between Plaintiff and staff at the hotel where she had been staying, portraying Plaintiff in a negative light. Said statement had not been placed in Plaintiff's personnel file during the course of her employment, nor or had it been otherwise made available to her for the purposes of submitting a rebuttal.

23. By way of further example, approximately three weeks after Defendant had received notice that Plaintiff was represented by counsel in connection with the termination of her employment and had requested a copy of her personnel file, and on or about May 7, 2019, Defendant added to Plaintiff's personnel file a "Legal Statement" of Paul Martin, Defendant's Front of House Manager at its Springfield, Virginia location, purporting to relay his account of an interaction between Plaintiff and another staff member, Romina Paitan, which again portrayed Plaintiff in a negative light, but for which Plaintiff had received no discipline or corrective action, and which had not previously been placed in Plaintiff's personnel file or otherwise made available to her for the purposes of submitting a rebuttal.

24. By way of further example, and again on or about May 7, 2019, Defendant added to Plaintiff's personnel file another "Legal Statement" of Paul Martin, purporting to describe the circumstances surrounding Plaintiff's exchange with Calabrese on or about March 31, 2019. Said statement had not previously been placed in Plaintiff's personnel file, nor had it been otherwise made available to her for the purposes of submitting a rebuttal.

25. That Defendant placed such documents in Plaintiff's personnel file only after having received notice that Plaintiff was represented by counsel in connection with her termination, and approximately six weeks after it had terminated her employment, demonstrate that Defendant's purported reasons for terminating her employment were pretext for retaliating against her on account of her having engaged in protected activity by submitting internal complaints regarding Defendant's wage and hour practices. Such statements constitute "post-hoc" and false rationalizations for Defendant's termination of Plaintiff's employment.

26. Thereafter, Plaintiff made contact with Defendant management, including Kelly Paul, a human resources employee, who confirmed that Plaintiff had been terminated. During the course of the exchange, Plaintiff again conveyed that she had not been paid properly for all hours she had worked. Kelly Paul, following the exchange, documented the fact that Plaintiff's complaint that "she was missing hours from her paycheck while she was working in Springfield [was] looked into and was immediately corrected," thereby acknowledging, at least in part, that Plaintiff's complaints concerning Defendant's unlawful wage and hour practices were legitimate.

**COUNT ONE:** Non-payment of Wages – Conn. Gen. Stat. §§ 31-58 *et seq.*, 31-71a *et seq.*, and 31-76b *et seq.*

1. The Plaintiff repeats and re-alleges paragraphs 1 through 26 above, as paragraphs 1 through 26 of Count One, as if fully set forth herein.

27. The Defendant failed to pay the Plaintiff all of the wages she is entitled to.

28. The aforementioned conduct of the Defendant, in failing to pay the Plaintiff the wages to which he entitled, is in violation of Connecticut General Statutes §§ 31-58 *et seq.*, 31-71a *et seq.*, and 31-76b *et seq.*

29. As a result of the aforementioned conduct of the Defendant, the Plaintiff has suffered a loss of wages, overtime wages, and other damages.

30. As a further result of aforementioned conduct of the Defendant, the Plaintiff has been forced to incur attorney's fees and costs in order to obtain the rights to which he is entitled.

31. The Plaintiff claims double wages, costs, and attorney's fees in accordance with Conn. Gen. Stat. § 31-72.

**COUNT TWO:** **Non-payment of Wages – Fair Labor Standards Act, 29 U.S.C § 207(a)(1)**

1. The Plaintiff repeats and re-alleges paragraphs 1 through 26 above, as paragraphs 1 through 26 of Count Two, as if fully set forth herein.

27. The Defendant failed to pay the Plaintiff all of the wages he is entitled to.

28. The aforementioned conduct of the Defendant, in failing to pay the Plaintiff the wages to which she entitled, is in violation of the Fair Labor Standards Act, 29 U.S.C § 207(a)(1).

29. As a result of the aforementioned conduct of the Defendant, the Plaintiff has suffered a loss of wages, overtime wages, and other damages.

30. As a further result of aforementioned conduct of the Defendant, the Plaintiff has been forced to incur attorney's fees and costs in order to obtain the rights to which he is entitled.

31. The Plaintiff claims double wages, costs, and attorney's fees in accordance with 29 U.S.C. § 216(b).

**COUNT THREE:** **Unjust Enrichment**

1. The Plaintiff repeats and re-alleges paragraphs 1 through 26 above, as paragraphs 1 through 26 of Count Three, as if fully set forth herein.

27. As a result the Defendant's failure to pay her all of the wages she is owed and for all hours worked, the Defendant has been unjustly enriched.

28. The Defendant received a benefit from the Plaintiff's labor, for which the Defendant did not compensate the Plaintiff.

29. As a result of the Defendant's actions, the Plaintiff has been denied compensation to which he is entitled.

**COUNT FOUR:** **Retaliation – Fair Labor Standards Act, 29 U.S.C § 215(a)(3)**

1. The Plaintiff repeats and re-alleges paragraphs 1 through 26 above, as paragraphs 1 through 26 of Count Four, as if fully set forth herein.

27. The Plaintiff complained to the Defendant that she was not being paid in accordance with the law and was terminated as a result.

28. The Defendant's actions constitute retaliation in violation of the provisions of the Fair Labor Standards Act set forth in 29 U.S.C § 215(a)(3).

29. As a result of the aforementioned conduct of the Defendant, the Plaintiff has suffered a loss of wages and other damages.

30. As a further result of aforementioned conduct of the Defendant, the Plaintiff has been forced to incur attorney's fees and costs in order to obtain the rights to which she is entitled.

**WHEREFORE,** the Plaintiff demands the following:

1. Unpaid wages;

2. Liquidated damages, attorney's fees, and costs pursuant to 29 U.S.C § 216(b) and Conn. Gen. Stat. § 31-72;

3. Punitive damages, attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110a and b and the FLSA;

4. Such other relief as the court deems just and appropriate.

THE PLAINTIFF,
CHRISTINA BENITEZ

By:  _____
Matthew D. Paradisi, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No.: 419987
Email: mparadisi@cicchielloesq.com

| | |
|---|---|
| RETURN DATE: SEPTEMBER 3, 2019 : | SUPERIOR COURT |
| : | |
| CHRISTINA BENITEZ : | J.D. OF HARTFORD |
| : | |
| V. : | AT HARTFORD |
| : | |
| MAGGIE'S GLASTONBURY, INC. : | AUGUST 2, 2019 |

## STATEMENT OF AMOUNT IN DEMAND

The Plaintiff claims the amount of demand in excess of $15,000.00 exclusive of interest and costs.

THE PLAINTIFF,
CHRISTINA BENITEZ

By: _____
Matthew D. Paradisi, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No.: 419987
Email: mparadisi@cicchielloesq.com

11